## FRITZ ESPIG v. STATE.

No. A-2929.    Opinion Filed July 3, 1918.

(173 Pac. 529.)

**INTOXICATING LIQORS—Possession With Intent to Unlawfully Sell —Suffic'eney of Evidence.** In a prosecution for having possession of beer with the unlawful intent to sell it, held that the Attorney General's confession of error on the ground that the evidence was insufficient to sustain the conviction would be sustained, and the judgment reversed.

*Appeal from County Court, Pawnee County;*
*Geo. E. Merritt, Judge.*

Fritz Espig was convicted of having possession of beer with unlawful intent to sell, and he appeals. Reversed.

*Redmond S. Cole,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Espig, was convicted, and in accordance with the verdict of the jury was sentenced to be confined for 30 days in the county jail and to pay a fine of $100 upon an information charging that he did have possession of certain intoxicating liquors, to wit, beer, with the unlawful intent to sell the same. It appears from the record that 15 or 16 witnesses for the state testified that they went from Pawnee to Tulsa on the date alleged on the "Booster train," which train stopped at Keystone for lunch. About half of these witnesses testified that while the train was there they went to the Keystone hotel and had lunch and drank something that tasted like beer. Some of the witnesses say that it tasted like Bevo, but none of the witnesses positively

state that the bottles which they bought contained beer. When the state closed, the defendant moved the court to advise the jury to return a verdict of not guilty, which motion was overruled.

The proof on the part of the defense tended to show that the defendant was not at that time the proprietor of the hotel where the witnesses testify that they bought their lunch and drinks.

The Attorney General has filed a confession of error, which, after reviewing the evidence in the case, concludes as follows:

"We dislike to fly into the face of an intelligent court and jury, but, after reading this case and studying it most carefully, we say that this defendant below is not sufficiently connected with this offense to be found and pronounced guilty. We ask an investigation of the record, and regret to have to make this confession, but we cannot do otherwise."

Upon a careful examination of the record we are of the opinion that the evidence in the case is entirely insufficient to sustain the conviction, and for this reason the confession of error should be sustained. The judgment is therefore reversed.